Appeal from a judgment (denominated order) of the Supreme Court, Yates County (W. Patrick Falvey, A.J.), entered July 5, 2007 in an action pursuant to RPAPL article 15. The judgment, insofar as appealed from, determined that plaintiff does not have a right-of-way over certain property owned by defendant H. Edward Lottermoser.
It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action pursuant to RPAPL article 15 seeking, inter alia, judgment that it has two rights-of-way over property owned by H. Edward Lottermoser (defendant) pursuant to a 1956 deed. Plaintiff and defendant own adjacent parcels of land on the west side of Seneca Lake, *1276 and plaintiffs property borders the north side of defendant’s property. Although both properties abut Seneca Lake, plaintiff does not have lakefront access because there are large cliffs preventing such access. The cliffs also run along the east side of defendant’s property, but they are gradually reduced as they approach the southern boundary of the property. We note at the outset that it appears from the record before us that defendant in fact only contested the right-of-way over the second of the two roadways in question based, inter alia, on the ground that it “did not exist until” the mid-1960s. Thus, the only issue before us on this appeal is whether plaintiff has a right-of-way over the second roadway, and we conclude that Supreme Court properly determined that it does not.
The record contains a copy of the 1956 deed and the affidavit of the widow of a previous owner of defendant’s property stating that the roadway leading to the waterfront, i.e., the second roadway, was not blasted out of the cliffside by her late husband until the early 1960s. The widow further stated that “[t]here was no road in the location [in question] before [her] Husband had it blasted and built.” We thus conclude that the record before us supports defendant’s contention that the second roadway over which plaintiff claims a right-of-way based on the language in the 1956 deed was not in fact created until years later (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We note that, other than the vague reference to a “private roadway beginning on the shore of Seneca Lake,” which in fact was omitted from later deeds, the 1956 deed accurately describes only the right-of-way over the first roadway, as conceded by defendant.
There is no evidence in the record to support plaintiff’s contention that the second roadway existed down the cliffside at the time of the 1956 deed. The various overhead images and maps submitted by plaintiff were all created after 1964, and they thus do not show the condition of defendant’s property as it existed at the time of the 1956 deed. Plaintiffs “conclusory, unsubstantiated assertions” are insufficient to establish plaintiffs entitlement to the relief sought with respect to the second roadway (Villager Constr. v Kozel & Son, 222 AD2d 1018, 1018 [1995]). Present—Smith, J.P., Centra, Lunn, Fahey and Green, JJ.